1

2

3

4

5

6

7

8       **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA,                    CASE NO. 10-CR-00398 AWI BAM

12                  Plaintiff,                   **ORDER ON DEFENDANT'S MOTION**
                                                 **FOR DISCOVERY**
13          vs.

14  JAMES LEE LANKFORD,

15

16                  Defendant.
    _____/

17          The continued motion of defendant James Lankford, as joined by defendant Jon McDade,

18  came on for further hearing on May 23, 2013.  An initial hearing was held on May 15, 2013 at which

19  time, the Court requested supplemental briefing.  The Court has considered counsel's oral argument,

20  the documents filed by the parties in support of and in opposition to the motion, and the

21  supplemental briefing, as outlined on the record.  (Doc. 84-88, 95-96.)

22          Defendant seeks to compel the government to produce various documents maintained by

23  lenders as listed in the motion as items 1a-k.  (Doc. 84.)  These items include lenders' underwriting

24  policies, employee commission incentives, marketing strategies of subprime loans, federal

25  investigations of lender victims, lender victim investment strategies, fraud detection reports,

26  underwriting models, and underwriting forms for various lenders.

27          Rule 16 of the Federal Rules of Criminal Procedure grants defendants a right to discovery,

28  providing that "[u]pon a defendant's request, the government must permit the defendant to inspect

1

and to copy or photograph ... documents ... within the government's possession, custody, or control ... [that are] material to preparing the defense...." Fed.R.Crim.P. 16(a)(1)(E)(I). Information is "in the possession of the government" if the prosecutor "has knowledge of and access to the documents sought by the defendant. *United States v. Bryan*, 868 F.2d 1032 (9th Cir.), *cert. denied*, 493 U.S. 858, 110 S.Ct. 167 (1989). The parties agree the government does not have the documents listed in items 1a-k in its possession, custody or control. Indeed, the Court finds that the U.S. Attorney's office is not in the possession, custody or control of the requested documents. The U.S. Attorney's office does not have "knowledge of and access to" these documents. There is no obligation to turn documents maintained by independent third parties who are not part of the investigation team. These third parties are private entities which are separate and apart from the government. See *United States v. Santiago,* 46 F.3d 885, 894 (9th Cir.1995).

Rather, Defendant requests an order to require the government to produce these documents (item 1a-k) if the government later "has knowledge of and access to" the documents. The government acknowledges its continuing duty to disclose under Rule 16, but notes that the items are too broad and not material to the case.

To receive discovery, the defendant "must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *U.S. v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (quoting *United States v. Santiago,* 46 F.3d 885, 894 (9th Cir.1995)); *see also United States v. Doe*, 705 F.3d 1134, 1150 (2013) (The defendant must make a preliminary showing of materiality, "which requires a presentation of facts which would tend to show that the government is in possession of information helpful to the defense.").

At the hearing, the issues of materiality to the defense under Rule 16 and materiality of the falsehood as an element of the crime were argued. Rule 16 requires a party seeking discovery to make a showing of materiality of the information sought. The materiality of any alleged false statement made to the victims is an element of the offense. 18 U.S.C. §1341. A court must determine whether the requested documents are "material to preparing the defense." In the context of Rule 16, "'the defendant's defense' means the defendant's response to the Government's case in

chief." *U.S. v. Armstrong*, 517 U.S. 456, 462, 116 S.Ct. 1480 (1996). Therefore, the Court considers "material" under Rule 16 and "materiality," as an element of the crime, together.

Defendant argues that for purposes of the crimes charged, a false statement is material if it has a "natural tendency to influence or is capable of influencing, the decision making body to which it is addressed." *Neder v. U.S.,* 527 US 1, 16 (1999). The parties agree that the *Neder* standard is the proper standard of "materiality" as an element of the crime, but disagree as to the meaning of "capable of influencing."

Defendant argues that "capable of influencing" means capacity to influence, which is "could have influenced" versus a "would have influenced." Defendant categorizes "capable of influencing" as a "binary standard" which means either the false statement could have included the decision maker or not, citing *Schlup v. Delo*, 513 U.S. 298, 330 (1995) and *U.S. v. Peterson*, 538 F.3d 1064, 1067 (9th Cir. 2008) and *U.S. v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310 (1995) (Doc. 95 p. 3). And, the lenders' practices are material because the *Neder* standard includes the requirement that the statement be capable of influencing the <u>decision making body</u> **to which it is addressed** (i.e, the lenders). Defendant relies upon *U.S. v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310 (1995) for the proposition that materiality must be assessed within the context of the specific decision making body to whom the false statement is addressed. (Doc. 95 p.3.) Defendant argues that if the government intends on putting on evidence of lenders' lending practices, the documents requested are material to understanding, and possibly impeaching, those practices, citing *U.S. v. Maximov*, 2011 WL 4915162 (D.Ariz. 2011), among others.

The Court disagrees with the defendant's definition of "capable of influencing." In *U.S. v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008), the court held that "capable of influencing" is an objective test: "'capable of influencing' is an objective test, which looks at 'the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end.'" *Id.* at 1072. A statement's intrinsic capacity to influence, not its affect or how it is received by the victim, is the focus of the crime. Even *Gaudin* deals with an objective evaluation: holding "that the materiality inquiry, involving as it does 'delicate assessments of the inferences a reasonable decisionmaker' would draw from a given set of facts and the significance of those inferences to

3

him." *Gaudin*, 515 U.S. at 512. This "reasonable decision maker" is an objective standard. The Ninth Circuit in *Peterson* relied on the holding in *Gaudin* in stating the objective standard. The effect of the false statement on the victim lenders is not material. "What is important is the intent of the person making the statement that it be in furtherance of some fraudulent purpose." *U.S. v. Blixt*, 548 F.3d 882, 889 (9th Cir. 2008). The materiality of the statements does not depend on whether a statement was "material" from the perspective of the victim. Whether a statement was "material" is an objective test, and the victims' loan underwriting policies, marketing strategies, fraud reports, commission structures, etc. generally are irrelevant to determine whether Defendant Lankford made the alleged false statements with the intent to influence the lenders' decisions. *U.S. v. Ovist*, 2013 WL 119674 (DC Ore. 2013).

In *Maximov*, the case primarily relied upon by defendant, the court ruled on motions in limine and not discovery motions. The court agreed that "materiality" as an element of the crime is an objective test and stated that "Defendant clearly cannot point to loose lending practices of the victim financial institutions to establish a defense to the charges of wire fraud or conspiracy to commit wire fraud and bank fraud." *Maximov*, 2011 WL 4915162, *3. The court nonetheless permitted evidence of the lending practices because the government was relying on these lending practices. "If the government is going to present evidence of 'lending standards' in order to demonstrate the materiality of the false statements, then Defendant surely must be permitted to challenge that evidence."

This case is not persuasive. *Maximov* did not involve an order of the Court creating an on-going duty compelling documents for which the government is not in possession, custody and control and for documents in broad categories (as explained below). Here, unlike *Maximov*, and as represented at oral argument and in briefing (see Doc. 96 p.4), the misrepresentations in the underlying fraud were not made exclusively to financial institutions, but were made also to homeowners directly. The government contends that the lenders' "specific lending practices" are irrelevant to the underlying alleged fraud. Indeed, whether the lenders marketed products, invested in certain ways, commissioned agents, delegated underwriting, or marketed products is irrelevant, and therefore not material, to the intrinsic capacity of the false statement to influence.

4

Further, the Court finds that the requests in the motion is too broad. Even if lending practices would be relevant, these document requests do not seek lending practices.[1] Neither a general description of the information sought nor conclusory allegations of materiality suffice. *U.S. v. Santiago,* 46 F.3d 885, 894 (9thCir. 1995). Specificity is required. Here, items such as marketing strategies, employee commission structures, investment strategies, etc. do not seek lending practices material to "capable of influencing." A prosecutor has a duty to produce documents pursuant to a Rule 16 request, provided that the defense has shown case-specific facts which would demonstrate the materiality of the information sought. *Santiago*, 46 F.3d at 895; *see also U.S. v. Sever*, 603 F.3d 747, 751 (9th Cir. 2010). The government contends it will in fact prove its case without reliance on the specific lending practices of the victim lenders. Tangential documents of lender business operations are not material to whether the false statements were "capable of influencing." The Court finds defendant has not carried his burden.

## CONCLUSION

For the foregoing reasons, the defendant's motion for discovery is DENIED.

IT IS SO ORDERED.

Dated: __May 24, 2013__                         /s/ **Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is not ruling on the relevancy of the information for purposes of admissibility at trial, but is ruling on the materiality of the information as triggering the government's obligation for production.